IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVO NORDISK INC. and | ) | |
| NOVO NORDISK A/S, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 23-101 (CFC) |
| v. | ) | **ANDA CASE** |
| | ) | |
| VIATRIS INC. and MYLAN | ) | |
| PHARMACEUTICALS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT CLAIM CONSTRUCTION CHART

Pursuant to Section 19 of the Scheduling Order (D.I. 27), the parties respectfully submit the attached Joint Claim Construction Chart, addressing the claim construction positions of the parties regarding U.S. Patent Nos. 8,129,343 ("the '343 Patent"); 8,536,122 ("the '122 Patent"); 9,764,003 ("the '003 Patent"); 10,888,605 ("the '605 Patent"); and 11,318,191 ("the '191 Patent") (collectively, the "Asserted Patents"). The parties jointly propose agreed-upon constructions for 8 terms in the Asserted Patents. The parties dispute the construction of 5 terms, including 4 terms from the '003 Patent and 1 term from the '605 Patent.

The parties agree that any terms in the asserted claims of the Asserted Patents that do not appear in the Joint Claim Construction Chart below should be given their respective plain and ordinary meanings as understood by a person of ordinary skill in the art, in light of the specification of the patent in which they appear, and thus do

not require construction by the Court. The parties reserve the right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made by other parties during the claim construction briefing. The parties further reserve the right to rely on any intrinsic evidence identified by any other party. The parties reserve the right to update and/or supplement their proposed claim constructions with the *Markman* briefing in this case. By agreeing to a construction or proposing a construction of any term, Mylan does not waive any defense under 35 U.S.C. § 112.

The parties intend to rely on the Asserted Patents, the specifications of the Asserted Patents, the claims of the Asserted Patents, the file histories of the Asserted Patents, and patents and applications to which the Asserted Patents claim priority or which claim priority to the Asserted Patents. Any citation to intrinsic evidence provided by the parties in support of their proposed claim constructions is intended as exemplary. Any additional evidence or reference within or encompassed by a particular citation is deemed incorporated by reference (e.g., cited passages are intended to include all figures and tables referenced therein). The parties also reserve the right to rely on extrinsic evidence and/or expert declaration or testimony in support of their proposed constructions or to rebut the other party's arguments and/or any expert declaration or testimony submitted by the other party.

Copies of the '343 Patent, '122 Patent, '003 Patent, '605 Patent, and '191 Patent are attached hereto as Exhibits A through E, respectively.

*Novo Nordisk Inc., et al. v. Viatris Inc., et al.*
**C.A. No. 23-101-CFC (D. Del.)**
**Joint Claim Construction Chart**

| CLAIM TERMS AGREED UPON IN THE '343 PATENT | | |
|---|---|---|
| **Term or Phrase for Construction** | **Claim(s)** | **Agreed Upon Construction** |
| "A compound of the structure  where the amino acid sequence is that of SEQ ID NO: 7." | 1 and 2 | Plain and ordinary meaning, which is "a compound corresponding to the claimed structure, which is also called 'semaglutide'" |
| "N-$\varepsilon^{26}$-[2-(2-[2-(2-[2-(2-[4-(17-Carboxyheptadecanoylamino)-4(S)-carboxybutyrylamino]ethoxy)ethoxy]acetylamino)ethoxy]ethoxy)acetyl][Aib8,Arg34]GLP-1-(7-37)peptide" | 4 and 5 | Plain and ordinary meaning, which is "the compound corresponding to the chemical N-$\varepsilon^{26}$-[2-(2-[2-(2-[2-(2-[4-(17-Carboxyheptadecanoylamino)-4(S)-carboxybutyrylamino]ethoxy)ethoxy]acetylamino)ethoxy]ethoxy)acetyl][Aib8,Arg34]GLP-1-(7-37)peptide, which is also called 'semaglutide'" |

| CLAIM TERMS AGREED UPON IN THE '605 PATENT | | |
|---|---|---|
| **Term or Phrase for Construction** | **Claim(s)** | **Agreed Upon Construction** |
| "therapeutically effective amount" | 14 | Plain and ordinary meaning, which is "an amount intended to have a beneficial effect on obesity" |

| CLAIM TERMS AGREED UPON IN THE '191 PATENT[1] | | |
|---|---|---|
| **Term or Phrase for Construction** | **Claim(s)** | **Agreed Upon Construction** |
| "0[.0]% (w/w) to 0.1% (w/w) phenol" | 2, 10, 11, 14, 15, 18, 21, 22, 24, and 26 | Plain and ordinary meaning, which is "0[.0]% (none) to 0.1% (w/w) phenol" |
| "therapeutically effective amount" | 15, 22, and 26 | Plain and ordinary meaning, which is "an amount intended to have a beneficial effect on the disease" |
| "optionally one or more agents for adjusting pH" | 16 and 23 | Plain and ordinary meaning, which is "one or more agents for adjusting pH can be, but need not be, present" |
| "optionally histidine" | 16 | Plain and ordinary meaning, which is "histidine can be, but need not be, present" |
| "disodium hydrogen phosphate dihydrate" | 11 | Plain and ordinary meaning, which is "a compound having the formula $Na_2HPO_4$ in the dihydrate form" |

---

[1] Mylan asserts that certain terms of the '191 patent are indefinite, including the terms "at least 60% water" and "0.5 to 3.5 mg/mL semaglutide." However, in view of the Court's claim construction practices, the parties agreed that these issues need not be briefed as part of the claim construction process.

| CLAIM TERMS AT ISSUE IN THE '003 PATENT | | | | | | |
|---|---|---|---|---|---|---|
| Term No. | Term or Phrase for Construction | Claim(s) | Novo Nordisk's Proposed Construction | Novo Nordisk's Intrinsic Evidence | Mylan's Proposed Construction | Mylan's Intrinsic Evidence |
| 1 | "A method for reducing body weight" | 1, 2, 5, and 6 | The phrase is an express limitation of claims 1, 2, 5, and 6.<br><br>The phrase has its plain and ordinary meaning, which is "a method of administering a compound intended to reduce body weight" or "a method of administering a compound for the purpose of reducing body weight" | '003 Patent Specification<br>-Figures 4 and 5<br>-1:49–62<br>-2:48–54<br>-3:11–20<br>-4:8–13<br>-4:26–34<br>-4:35–52<br>-5:59–6:13<br>-16:54–59<br>-17:17–22<br>-20:7–12<br>-20:24–30<br>-20:51–60<br>-20:31–33<br>-20:47–22:11<br>-22:12–55<br>-23:2–10<br><br>File History of the '003 Patent, including for example: | The preamble is a non-limiting statement of purpose.<br><br>To the extent the preamble is a limitation, it has its plain and ordinary meaning: a method of administering a compound intended to reduce body weight or a method of administering a compound for the purpose of reducing body weight. | Figs. 1, 2, 3A, 3B, 4, 5; '003 patent at 1:26-62; 2:43-3:20; 3:32-48; 3:65-4:34; 20:51-27:3<br><br>'003 Patent File History at 4/24/2017 Notice of Allowance, 3/21/2017 Amendment and Reply, 9/22/2016 Non-Final Rejection, 8/12/2016 Response, 5/16/2016 Final Rejection, 3/2/2016 Amendment, and |

| **CLAIM TERMS AT ISSUE IN THE '003 PATENT** |
|---|

| Term No. | Term or Phrase for Construction | Claim(s) | Novo Nordisk's Proposed Construction | Novo Nordisk's Intrinsic Evidence | Mylan's Proposed Construction | Mylan's Intrinsic Evidence |
|---|---|---|---|---|---|---|
| | | | | -Dec. 19, 2014 Specification -March 21, 2017 Response to Office Action | | 10/2/2015 Non-Final Rejection |
| 2 | "at least 0.7 mg and up to 1.6 mg" | 1, 2, 5, and 6 | Plain and ordinary meaning, which is "doses greater than or equal to 0.7 mg and less than or equal to 1.6 mg" | '003 Patent Specification -3:33–39 -17:9–12 -21:62–22:11 | Plain and ordinary meaning: only doses greater than or equal to 0.7 mg and less than or equal to 1.6 mg. | Figs. 1, 2, 3A, 3B, 4, 5; '003 patent at 1:26-62; 2:43-3:20; 3:32-48; 3:65-4:34; 20:51-27:3  '003 Patent File History at 4/24/2017 Notice of Allowance, 3/21/2017 Amendment and Reply, 9/22/2016 Non-Final Rejection, 8/12/2016 |

4

| \| \| \| CLAIM TERMS AT ISSUE IN THE '003 PATENT | | | | | | |
|---|---|---|---|---|---|---|
| Term No. | Term or Phrase for Construction | Claim(s) | Novo Nordisk's Proposed Construction | Novo Nordisk's Intrinsic Evidence | Mylan's Proposed Construction | Mylan's Intrinsic Evidence |
| | | | | | | Response, 5/16/2016 Final Rejection, 3/2/2016 Amendment, and 10/2/2015 Non-Final Rejection |
| 3 | "without another therapeutic agent" | 1, 2, 5, and 6 | Plain and ordinary meaning, which is "without co-administration of another medicament intended to reduce body weight" or "without co-administration of another medicament for the purpose of | '003 Patent Specification -4:34–52 -20:51–60 -10:31–33 -20:47–22:11

File History of the '003 Patent, including for example: -Dec. 19, 2014 Specification -March 21, 2017 Response to Office Action | Plain and ordinary meaning: without co-administration of another medicament | '003 Patent at 4:41–52 (defining therapeutic agents)

'003 Patent File History at 4/24/2017 Notice of Allowance, 3/21/2017 Amendment and Reply, 9/22/2016 Non-Final Rejection, 8/12/2016 Response, |

| **CLAIM TERMS AT ISSUE IN THE '003 PATENT** |
|---|

| Term No. | Term or Phrase for Construction | Claim(s) | Novo Nordisk's Proposed Construction | Novo Nordisk's Intrinsic Evidence | Mylan's Proposed Construction | Mylan's Intrinsic Evidence |
|---|---|---|---|---|---|---|
| | | | reducing body weight" | -Apr. 24, 2017 Notice of Allowance | | 5/16/2016 Final Rejection, 3/2/2016 Amendment, and 10/2/2015 Non-Final Rejection |
| 4 | "at least 0.8 mg" | 2 | Plain and ordinary meaning, which is, in conjunction with the limitations of claim 1 from which claim 2 depends, "at least 0.8 mg and up to 1.6 mg of semaglutide" | '003 Patent Specification -3:33–35 -17:9–12 | Plain and ordinary meaning: greater than or equal to 0.8 mg | Figs. 1, 2, 3A, 3B, 4, 5<br><br>'003 Patent at 1:26–62; 2:43–3:20; 3:32–48; 3:65–4:34; 20:51–27:3<br><br>'003 Patent File History at 4/24/2017 Notice of Allowance, 3/21/2017 Amendment and Reply, 9/22/2016 Non-Final Rejection, |

| CLAIM TERMS AT ISSUE IN THE '003 PATENT | | | | | | |
|---|---|---|---|---|---|---|
| Term No. | Term or Phrase for Construction | Claim(s) | Novo Nordisk's Proposed Construction | Novo Nordisk's Intrinsic Evidence | Mylan's Proposed Construction | Mylan's Intrinsic Evidence |
| | | | | | | 8/12/2016 Response, 5/16/2016 Final Rejection, 3/2/2016 Amendment, and 10/2/2015 Non-Final Rejection |

7

| | | | | | | |
|---|---|---|---|---|---|---|
| **CLAIM TERMS AT ISSUE IN THE '605 PATENT[2]** | | | | | | |
| **Term No.** | **Term or Phrase for Construction** | **Claim(s)** | **Novo Nordisk's Proposed Construction** | **Novo Nordisk's Intrinsic Evidence** | **Mylan's Proposed Construction** | **Mylan's Intrinsic Evidence** |
| 5 | "A liquid pharmaceutical composition comprising semaglutide and phenol . . . wherein the phenol is no more than 0.1 mg/ml" | 6, 8, 10, 12, and 14 | Plain and ordinary meaning, which is "a liquid pharmaceutical composition comprising semaglutide and 0.0 mg/ml to 0.1 mg/ml phenol." | '605 Patent Specification -1:38–40 -2:50–52 -3:27–28 -5:30–39 -6:7-9 -8:19–24 -9:61–67 -10:19–22 -Tables 1 and 2<br><br>File History of the '605 Patent, including for example: -July 31, 2020 Response to Office Action | Plain and ordinary meaning: a liquid pharmaceutical composition including both semaglutide and phenol, with a phenol concentration up to 0.1 mg/mL. | Abstract<br><br>'605 Patent at 1:28–34; 1:37–66; 2:50–51; 2:58–3:9; 5:34–37; 6:39–12:12<br><br>'605 Patent File History at Examiner-Initiated Interview Summary, 7/31/2020 Amendment/ Response, 5/1/2020 Non- |

---

[2] Mylan asserts that certain terms of the '605 patent are indefinite, including the term "no preservative."  However, in view of the Court's claim construction practices, the parties agreed that these issues need not be briefed as part of the claim construction process.

| CLAIM TERMS AT ISSUE IN THE '605 PATENT[2] | | | | | | |
|---|---|---|---|---|---|---|
| Term No. | Term or Phrase for Construction | Claim(s) | Novo Nordisk's Proposed Construction | Novo Nordisk's Intrinsic Evidence | Mylan's Proposed Construction | Mylan's Intrinsic Evidence |
| | | | | -Nov. 20, 2020 Notice of Allowance | | Final Office Action |

9

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Plaintiffs Novo Nordisk
Inc. and Novo Nordisk A/S*

OF COUNSEL:

Nicholas Groombridge
Josephine Young
Peter Sandel
Jenny C. Wu
Daniel J. Klein
Naz E. Wehrli
Joshua Reich
Scott Miller
GROOMBRIDGE, WU, BAUGHMAN
    & STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY  10017
(332) 269-0030

July 31, 2023

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 North West Street, 3rd Floor
Wilmington, DE  19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Defendants Viatris Inc.
and Mylan Pharmaceuticals Inc.*

OF COUNSEL:

Shannon M. Bloodworth, Esquire
Brandon M. White, Esquire
PERKINS COIE LLP
700 13th Street, NW, Suite 600
Washington, DC  20005

Bryan D. Beel, Esquire
PERKINS COIE LLP
1120 NW Couch Street
Portland, OR  97209

10